# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| **R. ALEXANDER ACOSTA**, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>**NABPCO AUTO PARTS OF LINDSTROM, INC.,** a Minnesota corporation, **d/b/a NABPCO AUTO PARTS,** and **BRIAN DRECKMAN,** individually,<br><br>Defendants. | Case No.: 0:17-cv-4029 |

## COMPLAINT

Plaintiff, **R. ALEXANDER ACOSTA**, Secretary of Labor, United States Department of Labor, brings this action to enjoin and restrain defendants **NABPCO AUTO PARTS OF LINDSTROM, INC.,** a Minnesota corporation, **d/b/a NAPBCO AUTO PARTS**, and **BRIAN DRECKMAN,** an individual (hereinafter collectively "defendants"), from violating the provisions of sections 7, 11, 12, and 15 of the Fair Labor Standards Act of 1938, as Amended (29 U.S.C. § 201 et seq.) (hereinafter "the Act"), pursuant to section 17 of the Act; and to recover unpaid overtime compensation owing to defendants' employees together with an equal additional amount as liquidated damages, pursuant to section 16(c) of the Act.

### I

Jurisdiction of this action is conferred upon the Court by sections 16(c) and 17 of the Act and 28 U.S.C. § 1345.

### II

(A)   Defendant, **NABPCO AUTO PARTS OF LINDSTROM, INC., d/b/a**

1

**NAPBCO AUTO PARTS**, is and, at all times hereinafter mentioned, was a Minnesota corporation with an office and a place of business at 30689 Lincoln Road, Lindstrom, Minnesota 55045, in Chisago County, within the jurisdiction of this Court, and is and, at all times hereinafter mentioned, was engaged in the sale of automobile parts and in the performance of related types of activities.

(B)   Defendant, **BRIAN DRECKMAN**, an individual, is the owner, chief executive officer, and registered agent of the defendant corporation. At all times hereinafter mentioned, **BRIAN DRECKMAN** is and was engaged in business within Chisago County at 30689 Lincoln Road, Lindstrom, Minnesota 55045, acting directly or indirectly in the interest of the company defendant in relation to its employees and is an employer within the meaning of section 3(d) of the Act.

### III

**NABPCO AUTO PARTS OF LINDSTROM, INC.**, d/b/a **NAPBCO AUTO PARTS,** is and, at all times hereinafter mentioned, was engaged in related activities performed through unified operation or common control for a common business purpose, and is and, at all times hereinafter mentioned, was an enterprise within the meaning of section 3(r) of the Act.

### IV

**NABPCO AUTO PARTS OF LINDSTROM, INC.**, d/b/a **NAPBCO AUTO PARTS,** is and, at all times hereinafter mentioned, was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or

otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise had an annual gross volume of sales made or business done of not less than $500,000.

V

Defendants repeatedly violated the provisions of sections 7 and 15(a)(2) of the Act, by employing employees who in workweeks were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid, for workweeks longer than forty (40) hours without compensating said employees for their employment in excess of forty (40) hours per week during such workweeks at rates not less than one and one-half times the regular rate at which they were employed.  Store employees were paid a straight salary for all hours worked without compensating said employees at rates not less than one and one-half times their regular rates for their overtime hours.

VI

Defendants, employers subject to the provisions of the Act, repeatedly violated the provisions of sections 11(c) and 15(a)(5) of the Act in that they failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 C.F.R. 516, in that records fail to show adequately and accurately, among other things, the hours worked each workday and the total hours worked each workweek with respect to employees.

VII

Defendants repeatedly violated sections 12 and 15(a)(4) of the Act by employing

oppressive child labor in commerce or in the production of goods for commerce or in any enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, in that they employed employees between the ages of sixteen and eighteen years in the occupation of motor-vehicle driver, which the Secretary of Labor has found and by order declared to be particularly hazardous for the employment of minors between such ages.

## VIII

During the period since February 22, 2015, defendants have repeatedly violated the provisions of the Act as set forth above.  A judgment which enjoins and restrains such violations and includes the restraint of any withholding of payment of unpaid overtime compensation found by the Court to be due to present and former employees under the Act is expressly authorized by section 17 of the Act.

**WHEREFORE**, cause having been shown, plaintiff prays for judgment against defendants as follows:

    **A.**    For an Order pursuant to section 17 of the Act, permanently enjoining and restraining the defendants, their officers, agents servants, employees, and those persons in active concert or participation with them from prospectively violating the Act; and

    **B.**    For an Order:

        **1.**    pursuant to section 16(c) of the Act, finding defendants liable for unpaid overtime compensation due defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due their employees listed in the attached Exhibit A (additional back wages and liquidated damages may be owed to certain employees presently unknown to plaintiff for the period covered

by this complaint); or, in the event liquidated damages are not awarded,

    **2.**    pursuant to section 17, enjoining and restraining the defendants, their officers, agents, servants, employees, and those persons in active concert or participation with defendants, from withholding payment of unpaid overtime compensation found to be due their employees and pre-judgment interest computed at the underpayment rate established by the Secretary of the Treasury, pursuant to 26 U.S.C. § 6621;

    **C.**    For an Order awarding plaintiff the costs of this action; and

    **D.**    For an Order granting such other and further relief as may be necessary and appropriate.

**NICHOLAS C. GEALE**
Acting Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

P.O. ADDRESS:

Office of the Solicitor
U.S. Department of Labor
230 S. Dearborn St., Room 844
Chicago, Illinois 60604
Telephone no.:  312/353-5709
E-mail: wender.kevin.d@dol.gov

s/ Kevin D. Wender
**KEVIN D. WENDER**
Attorney
Illinois License # 6317404

Attorneys for **R. ALEXANDER ACOSTA**, Secretary of Labor, United States Department of Labor, Plaintiff