UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

R. Alexander Acosta, Secretary of Labor,  
United States Department of Labor,

Case No. 17-cv-04029 (PAM/BRT)

Plaintiff,

v.

**CONSENT JUDGMENT**

NABPCO Auto Parts of Lindstrom,
a Minnesota corporation, d/b/a NABPCO
Auto Parts, and Brian Dreckman,
individually,

Defendants.

---

This matter is before the Court on the parties' Motion for Approval of Consent Judgment. (Docket No. 4.)

Plaintiff R. Alexander Acosta, Secretary of Labor, United States Department of Labor, filed a Complaint asserting that Defendants NABPCO Auto Parts of Lindstrom, d/b/a NABPCO Auto Parts, and Brian Dreckman, individually ("Defendants"), violated the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("the Act"). Defendants acknowledge receipt of the Complaint and waive service. The parties agree to the entry of this Consent Judgment.

Defendants hereby acknowledge that Defendant NABPCO Auto Parts of Lindstrom, d/b/a NABPCO Auto Parts is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of sections 3(r) and 3(s) of the Act.

1

Defendants hereby acknowledge that Brian Dreckman, individually, acted directly or indirectly in the interest of the corporate Defendant NABPCO Auto Parts of Lindstrom, d/b/a NABPCO Auto Parts, and thereby is an "employer" under section 3(d) of the Act. Defendants agree that Brian Dreckman shall be individually responsible for the obligations contained in this Consent Judgment.

**IT IS HEREBY ORDERED that** the Motion for Approval of Consent Judgment (Docket No. 4) is **GRANTED** as follows:

**JUDGMENT IS HEREBY ENTERED** against Defendants pursuant to sections 16(c) and 17 of the Act.

Pursuant to section 17 of the Act, Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them are hereby **PERMANENTLY ENJOINED** from violating the provisions of the Act in any of the following manners:

## I.

Defendants shall not, contrary to sections 7 and 15(a)(2) of the Act, employ any of their non-exempt employees who in any workweek are engaged in commerce or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than 40 hours, unless such employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed. The "regular rate" includes all sums paid for all hours worked and such sums divided by all hours worked equals the "regular rate."

**II.**

Defendants shall not fail to make, keep and preserve records of their non-exempt employees of the wages, hours and other conditions and practices of employment maintained by them as prescribed by the regulations issued, and from time to time amended, pursuant to section 11(c) of the Act and found at 29 C.F.R. Part 516, including, but not limited to, maintaining records of all hours worked by each employee in each workday and each workweek and records of compensation paid to each employee in each workweek, whether payment is made by a payroll check, personal check, cash or a combination thereof. The records maintained by Defendants shall also include, but not be limited to, the full name and last-known mailing address of all employees, the daily starting and stop time of each employee, and the specific method of payment made to each employee.

**III.**

Defendants shall not, contrary to sections 12 and 15(a)(4) of the Act, and the regulations issued, and from time to time amended, pursuant thereto and found at 29 C.F.R. Part 570, employ any oppressive child labor in commerce or in the production of goods for commerce or in any enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, including, but not limited to, employment of any employee between the ages of sixteen and eighteen years in any occupation which the Secretary of Labor has found and by order declared to be particularly hazardous for the employment of minors between such ages or detrimental to their health or well-being.

## IV.

**FURTHER, JUDGMENT IS HEREBY ENTERED**, pursuant to section 16(c) of the Act, in favor of the Plaintiff and against the Defendants, in the total amount of **$46,713.16.**

**A.** Defendants shall pay to the Plaintiff the sum of **$23,356.58,** which represents the unpaid overtime compensation due for the period February 22, 2015 through February 18, 2017, to the present and former employees named in **Exhibit A**, attached hereto and made a part hereof, in the amounts set forth therein. The sum of **$23,356.58** in unpaid overtime compensation shall be paid by Defendants to the employees listed in **Exhibit A** within fourteen (14) days of entry of this judgment.

**B.** Defendants shall further pay to the Plaintiff, as liquidated damages, the additional sum of **$23,356.58** hereby found to be due for the period February 22, 2015 through February 18, 2017, to the present and former employees named in **Exhibit A**, attached hereto and made a part hereof, in the amounts set forth therein. The additional sum of **$23,356.58** in liquidated damages shall be paid by Defendants to the employees listed in **Exhibit A** within fourteen (14) days of entry of this judgment.

## V.

The monetary provisions of Part IV of this judgment shall be deemed satisfied by Defendants, upon the following:

**A.** Defendants shall provide a schedule, in duplicate, showing the name, last-known address, social security number, gross amount of wages due, amounts deducted from gross wages for employee's share of social security and withholding taxes, gross

amount of liquidated damages due, and the total net amount of back wages due for each employee named in Exhibit A.  Said schedule shall be forwarded to the U.S. Department of Labor, Wage and Hour Division, 331 Second Avenue South, Suite 920, Minneapolis, Minnesota 55401-2233, within fourteen (14) days of entry of this judgment.

**B.** Defendants shall issue separate checks, payable to each employee listed in Exhibit A in a net amount, after deducting the amount of legal deductions from the gross amount of back wages listed opposite each name in the attached Exhibit A.  Said deductions shall be paid by Defendants to the appropriate State and Federal revenue authorities.

**1.** All checks are to be sent via first class or certified mail to the U.S. Department of Labor, Wage and Hour Division, 331 Second Avenue South, Suite 920, Minneapolis, Minnesota 55401-2233, within the time periods set forth in Part IV hereinabove.  These individual checks shall be void if they are not cashed within sixty (60) days of their issuance, and the face of the checks shall reflect this deadline.

**2.** After the individual checks become void, the amounts of the individual checks that have not been negotiated, as well as any checks returned to Defendants, shall be combined into one (1) aggregate net check, payable to the "U.S. Department of Labor – Wage and Hour Division," and delivered to the U.S. Department of Labor, Wage and Hour Division, P.O. Box 2638, Chicago, Illinois 60690-2638, within ninety (90) days of their issuance.  The check containing the sum of the unnegotiated checks shall be accompanied by a letter identifying the

case name as <u>Acosta v. NABPCO Auto Parts</u> and include the employer's tax identification number, as well as a list of all employees for whom money is deposited with the Plaintiff. Plaintiff shall distribute the proceeds of the check referred to herein above to the persons named in Exhibit A attached hereto, or to their estates, if that be necessary, and any amounts of unpaid overtime compensation or liquidated damages not so paid within a period of three (3) years from the date of receipt thereof shall, pursuant to section 16(c) of the Act, be covered into the Treasury of the United States as miscellaneous receipts.

**C.** If there is a default in the sending of individual checks or delivery to the U.S. Department of Labor of the aforesaid checks by over fifteen (15) days, the total remaining amount due from the Defendants will become automatically and immediately due, plus an additional 10 percent of any remaining amounts due to be prorated among the employees listed on Exhibit A who have not yet received their respective payments.

**D.** Further, Defendants shall forward copies of the front and back of the cancelled checks and/or a copy of the payroll register, by certified mail, to the U.S. Department of Labor, Wage and Hour Division, 331 Second Avenue South, Suite 920, Minneapolis, Minnesota 55401-2233, within ninety (90) days of their issuance.

**VI.**

**FURTHER,** it is agreed by the parties herein and hereby **ORDERED** that each party bear his, hers or its own fees and other expenses incurred by each party in connection with any stage of this proceeding to date with no costs, including, but not

limited to, any and all costs referenced under the Equal Access to Justice Act, as Amended.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  September 9, 2017 

              _s/Paul A. Magnuson_
              Paul A. Magnuson
              United States District Court Judge

Defendants hereby consent to entry of this judgment this 31st day of August, 2017.

| | |
|---|---|
| **NABPCO AUTO PARTS OF LINDSTROM, INC., d/b/a NABPCO AUTO PARTS** | **NICHOLAS C. GEALE** Acting Solicitor of Labor |
| | **CHRISTINE Z. HERI** Regional Solicitor |
| By: s/ Brian Dreckman **BRIAN DRECKMAN** | |
| Its: President | |
| s/ Brian Dreckman **BRIAN DRECKMAN**, individually | |
| s/ Ann Huntrods **ANN HUNTRODS** Minnesota License # 132640 Attorney for Defendants | s/ Kevin D. Wender **KEVIN D. WENDER** Illinois License # 6317404 Attorneys for **R. ALEXANDER ACOSTA,** Secretary of Labor, United States Department of Labor, Plaintiff |
| Address: Briggs and Morgan, P.A. 2200 IDS Center 80 South 8th Street Minneapolis, MN  55402 Telephone: 612-977-8249 ahuntrods@briggs.com | Address: U.S. Department of Labor Office of the Solicitor 230 South Dearborn St., Suite 844 Chicago, IL  60604 Telephone: 312-353-5709 Wender.Kevin.D@dol.gov |

**EXHIBIT A**

| Last Name | First Name | Back Wages | Liquidated Damages | Total Amount Due |
|---|---|---|---|---|
| Freeman | Connor | $5,835.40 | $5,835.40 | **$11,670.80** |
| Freeman | Devan | $7,570.60 | $7,570.60 | **$15,141.20** |
| Freeman | Teran | $1,753.29 | $1,753.29 | **$3,506.58** |
| Hanacek | Scott | $4,306.75 | $4,306.75 | **$8,613.50** |
| Laqua | Matt | $1,589.05 | $1,589.05 | **$3,178.10** |
| Sagendorf | Daniel | $2,301.49 | $2,301.49 | **$4,602.98** |
| | **TOTAL:** | $23,356.58 | $23,356.58 | **$46,713.16** |